
Davis Wright
Tremaine LLP

Suite 800
1919 Pennsylvania Avenue N W
Washington, D C 20006-3401

Alison Schary
202 973 4248 tel
202 973 4499 fax

alisonschary@dwt com

February 12, 2018

**VIA ECF**

The Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Cohen v. Swirling*, No. 17-cv-09019 (JGK)
**Letter-Motion Requesting Pre-Motion Conference**

*[Handwritten: A PRE-MOTION CONFERENCE WILL BE HELD ON WEDNESDAY, FEBRUARY 21, 2018, AT 10:30AM. SO ORDERED. [signature] USDJ 2/13/18]*

Dear Judge Koeltl:

This firm represents Defendant Robyn Swirling in the above-referenced action. We write in accordance with Your Honor's Individual Rules of Practice 1(F) and 2(B) to request a pre-motion conference before making a motion to dismiss the Complaint. In advance of the Pre-Motion Conference, we briefly set forth below the legal and factual basis for Defendant's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).[1]

I. **Factual Background**

This matter arises out of a series of email exchanges on a "listserv" among a volunteer working group of progressive activists organized by Defendant to discuss best practices for responding to harassment complaints. *See* Compl. ¶¶ 19-25. Plaintiff selectively quotes from some of these emails, but he does not attach the full exchanges as exhibits.[2] As the Complaint suggests (and the full series of emails makes clear), Plaintiff engaged in a pattern of increasingly domineering behavior in his emails to the group, to a point where Defendant and other members ultimately asked that he part ways with the group and cease sending them emails. When he persisted doing so, Defendant was one of the individuals in the group who emailed Plaintiff to explain clearly why his behavior was not acceptable to the rest of the group. These email exchanges all occurred in August and September 2016, more than a year before the commencement of this action.

Plaintiff further alleges that on November 19, 2016, at RootsCamp – a conference for progressive activists in Washington, D.C. – Defendant identified Plaintiff in the audience at the

---

[1] Defendant was served with the Complaint on January 23, 2018, and her motion to dismiss is due to be served on or before February 13, 2018.

[2] Defendant has copies of the full email exchanges, which place the selective quotes in their proper context.
4836-6115-9516v 4 -

Anchorage   New York       Seattle
Bellevue    Portland       Shanghai
Los Angeles San Francisco  Washington, D.C.                                    www.dwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-14-18

February 12, 2018
Page 2

panel she was leading and stated that Plaintiff had "engaged in repeated violence, persistent harassment, and invaded our space," leading to his removal from the panel discussion. Compl. ¶¶ 28-29. As he was leaving the room, Plaintiff threatened to do what he now characterizes as publishing the full contents of their earlier email exchanges. Compl. ¶¶ 29, 33-34. Plaintiff alleges that Defendant spoke to RootsCamp organizers about the incident, who subsequently ejected him from the conference, and that she made unidentified statements to organizers for another conference (Netroots Nation, held in August 2017 in Atlanta, Georgia), which resulted in him being asked not to attend three sessions at the conference. Compl. ¶¶ 37-38, 40-48.

Plaintiff is seeking at least $500,000 in damages, plus punitive damages and attorney's fees. Plaintiff is also seeking injunctive relief in the form of a prior restraint on Defendant's future speech about him and requiring her to "take all remedial efforts to repair Plaintiff's reputation in the community." Compl. at 14 (Prayer for Relief).

## II. Defendant Intends to Move to Dismiss for Failure to State a Claim

The Complaint is subject to dismissal because Plaintiff fails to state any actionable claim for relief. *First*, Plaintiff's defamation claim is procedurally deficient. Other than the alleged oral statement at RootsCamp (Compl. ¶ 28), Plaintiff fails to set forth the particular language at issue, the date of the allegedly defamatory statements, and to whom they were allegedly published. Instead, Plaintiff refers to unspecified "false statements of fact about Plaintiff [made] orally and across the Internet." Compl. ¶ 59. *See Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994 (CM)(GAY), 2007 WL 1152894, at *10 (S.D.N.Y. Apr. 16, 2007) (a defamation pleading "is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated") (citations omitted). Further, any claims concerning allegedly defamatory statements made prior to November 17, 2016 – one year before this action was commenced – are time-barred. CPLR 215(3).[3]

*Second*, the only specific words that Plaintiff *does* attribute to Defendant (to the extent they are even accurate or complete) – that she "shouted in a crowded room" that Plaintiff had "engaged in repeated violence, persistent harassment, and invaded our space" – would plainly be non-actionable hyperbole and opinion. *See, e.g., Roth v United Fed'n of Teachers*, 5 Misc. 3d 888, 898 (Sup. Ct. Kings Cty. 2004) (statements accusing plaintiff of engaging in "prevarication and intimidation against staff" and "harassment and assault on the union and its members" were non-actionable hyperbole); *Hull v. Town of Prattsville*, 145 A.D.3d 1385, 1388 (3d Dep't 2016) (characterization of plaintiff's legal threats as "harassment" was non-actionable opinion and hyperbole); *see also Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) (characterization of real estate developer's negotiation position as "blackmail" was "no more than rhetorical hyperbole [and] vigorous epithet").

*Finally*, Plaintiff's remaining tort claims are duplicative of his non-actionable defamation claims and subject to dismissal for the same reasons. "Under New York law, tort claims are

---

[3] Because Plaintiff's other tort claims are duplicative of his defamation claim, they are subject to the same one-year statute of limitations and should be dismissed for the same reasons as the defamation claim. *See Morrison v Nat'l Broad. Co.*, 19 N.Y.2d 453, 459 (1967)

February 12, 2018
Page 3

construed as defamation claims not just when they seek damages only for injury to reputation, but also where the entire injury complained of by plaintiff flows from the effect on his reputation." *Chao v. Mount Sinai Hosp.*, No. 10 CV 2869 HB, 2010 WL 5222118, at *11 (S.D.N.Y. Dec. 17, 2010) (citation and internal quotation marks omitted), *aff'd sub nom. Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892 (2d Cir. 2012) (affirming dismissal of claims for, *inter alia*, tortious interference with contract and business relations as duplicative of defamation claim where they were based on the same allegedly defamatory statements and injuries); *see also Idema v. Wager*, 120 F. Supp. 2d 361, 370 (S.D.N.Y. 2000) ("[A] plaintiff may not maintain a separate claim for intentional infliction of emotional distress grounded in the same facts as a claim for libel."), *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Nor does Plaintiff plausibly allege the requisite elements for each of these claims pursuant to the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v Iqbal*, 556 U.S. 662 (2009).

### III. Defendant Intends to Move to Dismiss for Lack of Personal Jurisdiction

Defendant is not a resident of New York; as the Complaint alleges, she lives in Washington, D.C. Compl. ¶ 4. None of the alleged interactions occurred in New York or had any connection to New York, other than it being Plaintiff's domicile.[4] Rather, Plaintiff attempts to assert personal jurisdiction in this Court on the basis of CPLR 302(a)(3), on the grounds that Defendant committed a tort outside the state having an effect in this state. Compl. ¶ 6.

Specifically, Plaintiff claims that jurisdiction is proper because Defendant allegedly made defamatory statements outside New York about Plaintiff, who is a New York resident. Compl. ¶ 7. But CPLR 302(a)(3) expressly precludes the exercise of jurisdiction where, as here, the allegedly tortious act is "defamation of character." Nor can Plaintiff avoid this restriction by attempting to recast his claims as various other torts. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996) ("Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation.") (holding that claims of injurious falsehood and tortious interference with prospective economic advantage were subject to defamation exception of Section 302(a)(3) because the entire complaint sounded in defamation). Accordingly, there is no basis for this Court to exercise personal jurisdiction over Defendant.

In sum, the Complaint fails to state any cause of action and does not (and cannot) set forth a basis for this Court to exercise personal jurisdiction over Defendant. Defendant respectfully requests that the Court schedule a Pre-Motion Conference and grant her leave to file a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).

Respectfully submitted,

/s/ Alison Schary

Alison Schary

---

[4] All of the allegedly actionable statements and interactions, to the extent they are at all specified in the Complaint, occurred either over email; in Washington, D.C. (RootsCamp), or in Atlanta, Georgia (Netroots Nation).