# LEWIS & LIN LLC

45 Main Street,  Suite 608<br>
Brooklyn, NY  11201-8200<br>
>>>Tel:   (718) 243-9323<br>
>>>Fax:   (718) 243-9326<br>
<br>
www.ilawco.com

March 22, 2018

**<u>Via ECF and Facsimile</u>**
Chief Magistrate Judge Gabriel W. Gorenstein
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 6B
New York, NY 10007-1312
Fax: (212) 805-4268

*Cohen v. Swirling*
Civil Action No. 1:17-cv-09019-JGK-GWG

Dear Magistrate Judge Gorenstein:

      I am counsel for plaintiff Josh Cohen ("Cohen" or "Plaintiff") in this action, and write pursuant to Your Honor's individual practices to ask that you enforce the parties' settlement agreement entered into at the settlement conference held on March 19, 2018 before Your Honor.

      As Your Honor may recall, after a lengthy settlement conference with counsel and the parties, the parties agreed to resolve the dispute, inclusive of (i) the issuance of a statement by Defendant Robyn Swirling ("Swirling" or "Defendant") appended to (ii) a stipulation of dismissal with prejudice and without costs; (iii) written communications sent by Defendant to various third parties identified at the conference and (iv) the removal of tweets by Defendant concerning the subject matter of this dispute.  Furthermore, as you know, the statement was drafted nearly entirely by Defendant, without only minor comments from Plaintiff.

      Notwithstanding same, on March 20, 2018 (the morning after the settlement conference), counsel for Defendant emailed the undersigned stating, "[w]hile I know we agreed on the text of the statement yesterday, Robyn wanted to propose a few additional tweaks this morning."  While the undersigned extended counsel for Defendant the courtesy to review Defendant's proposed modifications to the agreed upon, final statement before Your Honor, ultimately the parties could not agree on Defendant's modifications in the same fashion that they agreed to the original statement on Monday.

      When I expressed a desire to stick to the original statement drafted mostly by Defendant and to file the stipulation of dismissal forthwith, counsel for Defendant refused to provide her consent to the filing of the stipulation and claimed, instead, that the parties had not entered into an agreement, but only an "agreement in principle" that Defendant was no longer willing to abide by.

By enforcing the settlement agreement, it accomplishes the goals the parties sought at the settlement conference by implementing the mutually agreeable terms of settlement—and achieving the finality to this dispute.

Respectfully submitted,

Justin Mercer, Esq.

cc: Hon. John G. Koeltl (via ECF)
Alison Schary, Esq. (via ECF)
David D. Lin, Esq. (via ECF)