

Suite 800
1919 Pennsylvania Avenue N.W.
Washington, D.C.  20006-3401

**Alison Schary**
202.973.4248 tel
202.973.4449 fax

alisonschary@dwt.com

March 22, 2018

<u>VIA ECF</u>

The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Cohen v. Swirling</u>, No. 1:17-cv-09019-JGK-GWG

Dear Judge Gorenstein:

      This firm represents Defendant Robyn Swirling in the above-referenced action.  I write in response to Plaintiff's letter dated March 22, 2018 (ECF No. 13).

      As an initial matter, I note that Plaintiff's decision to file a letter via ECF detailing the contents of the settlement conference in this matter held on March 19, 2018, violates Paragraph 1 of Your Honor's Standing Order Applicable to Settlement Conferences, which states clearly that "[s]ettlement conferences form no part of the record" and "[a]ll communications made as part of the conference process are strictly confidential and may not be used for any purpose either in this litigation or elsewhere."

      As to the merits of Plaintiff's letter, we appreciate Your Honor's efforts to settle this matter at Monday's conference.  While we believed we had come to agreement on the terms of a settlement at the close of that conference, the following morning my client notified me that she was no longer comfortable with the language of a statement that would be attributed to her and could not agree to move forward with a settlement including it.  Plaintiff had not yet filed a stipulation of dismissal, a draft of which I was still waiting to review.  I promptly advised counsel for Plaintiff that we were no longer in agreement on one of the material terms of settlement.  When a proposed revised statement was rejected, I offered to engage in further discussions with Plaintiff's counsel in an attempt to resolve the matter.  Counsel for the parties then proceeded to engage in discussions and exchange proposals in an effort to agree upon the language of a revised statement.

      This morning, Defendant offered a revised statement that was very close to the original language.  Plaintiff rejected Defendant's proposal and stated that he would instead make an

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com

March 22, 2018
Page 2

application to the Court seeking enforcement of the original terms. I reminded counsel for Plaintiff of the confidentiality requirements that apply to settlement conferences and offered to make myself available for a joint call to chambers, at his convenience, to seek Your Honor's guidance as to how this application should properly be made. Plaintiff did not respond to my email and instead filed his letter via ECF.

Defendant remains willing to resolve this matter with the revised statement provided to Plaintiff's counsel this morning. If Plaintiff insists on the language from Monday, however, then there is no longer an agreement between the parties with respect to settlement.

We are available at the Court's convenience to discuss this matter and request that, in keeping with Paragraph 1 of the Standing Order, further submissions and discussions with respect to settlement negotiations before Your Honor are made in a confidential manner.

Respectfully submitted,

/s/ Alison Schary

Alison Schary

cc: All counsel of record (via ECF)